HEMAN A. HEATH *v.* SOLOMON PRATT.

[ IN CHANCERY. ]

*Mortgage.　Equitable Offset.*

The orator conveyed a piece of land to defendant, covenanting that it contained a certain number of acres, and took from defendant a mortgage thereon to secure payment of part of the purchase-money. There was in fact less than the covenanted quantity of land, and defendant brought an action on the covenant and recovered. Orator thereupon filed a petition for foreclosure of the mortgage, and, that pending, filed a bill praying that the amount of judgment might be applied in payment of the mortgage debt. *Held,* that it might be so applied.

APPEAL from the Court of Chancery.

It appeared from the bill, answer, and testimony that on February 16, 1874, the orator conveyed a certain piece of land to the defendant, covenanting that it contained at least eighty acres, and took from the defendant a mortgage thereon to secure payment of the defendant's promissory notes of that date for $1,500 given for part of the purchase-money ; that the land so conveyed in fact fell short a few acres of the covenanted quantity ; that on November 29, 1875, having paid one year's interest on said notes, the defendant brought an action on the covenant, and at the May Term of the Lamoille County Court recovered judgment for $451 damages and $50 costs ; that at the same term, the defendant being in arrear with the interest and part of the notes, the orator filed a petition for the foreclosure of said mortgage which was still pending. It also appeared that the defendant was not responsible for the mortgage debt, and that the mortgaged property exclusive of that for which the defendant had recovered judgment was very inadequate security.

The bill prayed that the defendant might be directed to apply the sum he had so recovered in payment of the notes, and that he might be enjoined from enforcing his judgment, and for general relief.

At the December Term, Lamoille County, the court, POWERS, Chancellor, dismissed the bill, *pro forma*, with costs.

Appeal by the orator.

*P. K. Gleed*, for the orator.

The judgment ought to be applied in part payment of the notes. 2 Story Eq. Jurisp. c. 38 ; *Downer* v. *Dana*, 17 Vt. 518 ; 3 Lead. Cas. Eq. 186 ; *Sumner* v. *Bernerd*, 12 Met. 459 ; *Ferris* v. *Burton*, 1 Vt. 439.

*Brigham & Waterman*, for the defendant.

The defendant's judgment is a distinct and independent claim and should not be set off.

The opinion of the court was delivered by

BARRETT, J. The case shows that the land purchased by the defendant fell short by a few acres of the quantity covenanted that there was in the deed of the orator to the defendant. The defendant has recovered a judgment against the plaintiff for the deficiency in the quantity warranted. The defendant gave a mortgage on the land conveyed by the orator, to secure $1,500 of the purchase-money. The defendant's judgment represents the deficiency in the quantity, so that the orator's mortgage should be regarded as co-extensive with what the defendant has got by virtue of plaintiff's deed to him, viz., the land actually conveyed and the money that represents the said deficiency. Said $1,500, and all but one year's interest on it, are due to the orator. Said judgment may be regarded as so much avails from turning a portion of property covered by the deed and mortgage into money, for which the orator is accountable to the defendant ; and he asks to be permitted to account by applying the amount as so much in payment of what the defendant is owing for what he got by the orator's deed to him. In a suit at law by orator for that debt, this judgment would be available in offset by plea. From the relation of the cause and ground of that judgment to the security intended to be given by the mortgage, we think it proper for the orator to make, and the court to grant, the application. The

propriety is enforced by the fact, that the defendant is not respon-
sible for the debt, and the real estate covered by the mortgage,
exclusive of what the judgment was recovered for, is far short of
adequate security for the sum due.  It would be a perverse equity
that would deny such an application, and permit the mortgagor to
pocket that money without paying, or being able to pay, his debt
for the land owing to the orator.  We find no occasion for refer-
ring to or remarking upon the books and cases cited in argument.
The obvious application of the principle, upon which the doctrine
of offset in equity is based, not only justifies but requires the
allowance of the offset in this cause.

The decree is reversed, and a decree is to be rendered by the
Court of Chancery for the orator, for the relief prayed for, and
his costs.  Remanded with mandate.